## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JULIE FERRARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03-CV-151-TCK-FHM |
| | ) | |
| FARMERS INSURANCE COMPANY, | ) | |
| Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff's Motion for New Trial (Dkt. No. 77), Plaintiff's Motion to

Stay Proceedings (Dkt. No. 83), and Plaintiff's Appeal of the Clerk's Taxation of Costs (Dkt. No.

86).

### I.        Reconsideration of Order on Summary Judgment

Motions to alter or amend the judgment are those which call into question the correctness

of a judgment on some material point of fact or law, and may properly be cast in the form of a

motion to reconsider, to vacate, to set aside, for reargument, or for rehearing. *St. Paul Fire & Marine*

*Ins. v. Continental Cas.*, 684 F.2d 691 (10th Cir.1982).  Although there is "no requirement that a

motion need raise new issues, facts or law to fall within Rule 59," *Gilmore v. Salt Lake Community*

*Action Program*, 710 F.2d 632, 633 n. 3 (10th Cir.1983), plaintiffs cannot succeed on such a motion

by simply realleging the facts and theories set forth in their complaints.

Whether to grant or deny a motion for reconsideration is committed to the discretion of the

district court. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988).

"Recognized grounds for a motion to alter or amend findings include '(1) that the trial court has

made a manifest error of fact or law, (2) that there is newly discovered evidence, or (3) that there has been a change in the law.'" *Renfro v. City of Emporia, Kan.*, 732 F. Supp. 1116, 1117 (D.Kan.1990) (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 609 F. Supp. 451, 452-53 (S.D.N.Y.1984), modified on other grounds, 782 F.2d 329 (2d Cir.1986)), *aff'd*, 948 F.2d 1529 (10th Cir.1991), cert. dismissed, 503 U.S. 915 (1992).

Employing the standard for summary judgment, the Court considered and analyzed all of the evidence offered in the parties' briefing and found for Defendant for the reasons set forth in the Order on summary judgment.  In her Motion for New Trial, Plaintiff cites no new evidence, no new law, nor any compelling argument that the Court has made a manifest error of law.  Rather, Plaintiff disputes the Court's conclusions about evidence and argument that was offered and considered at the initial summary judgment stage and reurges that evidence and argument here.

In particular, Plaintiff disputes the Court's conclusion that Plaintiff's fraud claim was based on the additional settlement authority Defendant had, but did not offer to Plaintiff.  Plaintiff says it is not that the Defendant had the additional settlement authority and did not offer it that constitutes the fraud but rather, that Defendant deceived Plaintiff by stating that it had no additional settlement authority. The fraud, Plaintiff maintains, was in the deception.  However, as the Court noted in its Order on Summary Judgment, "[b]y its offer and *accompanying statements*, Defendant indicated it was willing to be sued if it had to pay one cent more than $67,000 . . . . It was not fraudulent or coercive for Defendant to state that Plaintiff could take the $67,000 or 'go to court.'"  The caveat, found in Defendant's statements regarding proceeding to suit, defeats Plaintiff's fraud arguments. There simply was no fraud, actual or constructive, in Defendant's procurement of the release.  The burden of proof is upon the party seeking to set aside the contract to show fraud or mistake to

establish such grounds by clear and convincing evidence.  *Burch v. Keen*, 449 P.2d 700 (Okla. 1969).  The Court finds nothing in the Motion now before it that was not raised or addressed or considered previously.  Plaintiff's Motion for New Trial is therefore DENIED.

## II.    Review of Taxation of Costs

The taxing of costs rests in the sound judicial discretion of the district court.  *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).  "[W]hat are "just costs" is evaluated under 28 U.S.C. § 1919 while what are *allowable* costs is evaluated under § 1920."  *Id.* Plaintiff objects to taxation of several costs, the Court will address each as necessary.

Plaintiff objects to costs in the amount of $832.36 for depositions of damage witnesses because Plaintiff's damages were not at issue in Defendant's Motion for Summary Judgment. Section 1920(2) provides for the payment of fees for all or any part of depositions that necessarily obtained for use in the case.  "We have recognized that it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred . . . ."  *Callicrate*, 139 F.3d at 1340.

Plaintiff complains that the depositions incurring the $832.36 regarded damages which were not at issue in the Motion for Summary Judgment.  However, as Defendant notes, it was not aware, prior to the depositions, that the witnesses were exclusively damage witnesses.  *See id.* ("It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.").  Moreover, even had Defendant known that Plaintiff intended to offer these witnesses to support her damage claims, the witnesses' testimony was necessary to the defense

of the case in that it was relevant to Plaintiff's contractual and extra-contractual claims.  In sum, the depositions were not taken for investigate or frivolous purposes and thus not obtained unnecessarily and were within the bounds of vigorous advocacy.  *Furr v. AT&T Tech., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987).

Plaintiff objects to the following costs for the following reasons.  (1) Costs of $56.36 for copies of pleadings removing the litigation from state district court to this Court.  Plaintiff argues it should not have to bear the costs of Defendant's voluntary removal.  (2) Costs of $1,990.03 for voluminous documents not clearly and concisely itemized as required by LCvR 54.1.[1] (3) Costs of $209.16 for copies of documents not necessarily obtained for use in the case.  (4) $160.18 for copies of documents for expert review because an expert report was never produced.  (5) Costs of $44.28 as not being necessarily obtained for use in the case because the copied documents were already in Plaintiff's claim file and were produced by Plaintiff during discovery.

Section 1920(4) provides for the payment of fees for exemplification and copies of papers necessarily obtained for use in the case.  Plaintiff makes no legal argument for why any of the costs should be disallowed nor does she offer any documentation supporting her contentions that some of the documents were unnecessarily reproduced.  The Court finds the Clerk's Taxation of Costs entirely appropriate as it taxed Plaintiff for costs that were reasonably necessary in the defense of this litigation.

---

[1]The Bill of Costs sought costs in the amount of $1,990.03 for "copy and bate label [sic] of voluminous documents produced to Plaintiff pursuant to her discovery requests on August 5, 2003 and August 7, 2003."  The Bill of Costs was supplemented with an invoice from the copy service verifying the charges and the number of pages copied.  Local Civil Rule 54.1 does not require Defendant to identify the title of every document for which it is requesting costs.

4

**III.     Conclusion**

Plaintiff's Motion for New Trial (Dkt. No. 77) and Plaintiff's Appeal of the Clerks' Taxation of Costs (Dkt. No. 86) are DENIED.   Plaintiff's Motion to Stay Proceedings (Dkt. No. 83) is therefore MOOT.

**ORDERED this 16th day of FEBRUARY, 2006.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**